UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CYNTHIA M. LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CRESCENT BANK AND TRUST and EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendants. | CIVIL ACTION<br><br>COMPLAINT 5:21-cv-00744<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Cynthia M. Lopez ("Plaintiff"), by and through her undersigned counsel, complaining as to the conduct of Crescent Bank and Trust ("Crescent") and Equifax Information Services, LLC, ("Equifax") (collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because all of the events or omissions giving rise to Plaintiff's claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a natural person, over 18-years-of-age, which at all times relevant resided in the San Antonio, Texas.

5. Defendant Crescent Bank and Trust is a financial institution with its principal place of business located in New Orleans, Louisiana.

6. Crescent "specialize[s] in providing auto loans to consumers across 32 states."[1]

7. Crescent is a furnisher of information to the major credit reporting agencies, including Equifax.

8. Defendant Equifax is engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity. Equifax regularly does business in Texas.

## FACTUAL ALLEGATIONS

9. On March 19, 2014, Plaintiff opened one account with Crescent ("subject account").

10. Plaintiff used the subject account to purchase a 2012 Nissan Altima, amassing a balance on the subject account.

11. In early 2021, Plaintiff discovered that the subject account was reporting inaccurately on her Equifax credit report.

12. Specifically, Equifax was reporting two trade-lines for the same subject account. At all times relevant, Plaintiff only opened one account with Defendant.

13. Both of the trade-lines bore nearly identical account numbers, reported the same open date of March 19, 2014, with both trade-lines reporting an "original amount" of $14,561.

14. However, the two Crescent trade-lines reported different information.

15. For example at one point in time, one trade-line reported a "highest balance" of $14,561 and the other reported a "highest balance" of $18,288.

---

[1] https://www.cbtno.com/about-us/ (Last Visited: 7/16/2021).

16. Both trade-lines inaccurately reported that Plaintiff missed payments on the subject account and that the subject account was charged off.

17. Crescent's duplicate reporting of the subject account was inaccurate and materially misleading as Crescent reported two nearly identical trade-lines in her Equifax credit file despite Plaintiff only opening one account with Crescent.

18. After discovering the inaccurate reporting of the subject account, Plaintiff repeatedly disputed the reporting of the subject account directly with Crescent.

19. Despite the repeated disputes, Crescent did not correct the inaccurate reporting of the subject account and communicated to Plaintiff that the reason it was reporting duplicate accounts was that the subject account was charged-off. However, Crescent reported both trade-lines as charged-off.

20. On April 9, 2021, after realizing the futility of disputing the reporting of the subject account with Crescent, Plaintiff sent detailed written disputes via certified mail to Equifax disputing the inaccurate reporting of the subject account ("Plaintiff's dispute").[2]

21. Specifically, Plaintiff's dispute to Equifax stated, in pertinent part:

> Please note that *Crescent Bank* is inaccurately reporting two accounts when I have only ever had **one** account with them. As you see, the accounts are showing the exact same date opened and therefore, I ask that you forward this letter to *Crescent Bank* and remove the duplicate account. I ask that you inform me if you should choose not to forward my correspondence to the creditor listed in the letter, as I will then take further action to protect myself.

22. Plaintiff enclosed a copy her of driver's license and social security card with her dispute to confirm her identity.

---

[2] At all times relevant, Defendant Equifax was the only credit reporting agency to report the subject account twice in Plaintiff's Equifax credit file.

23. Upon information and belief, Crescent Bank received notice of Plaintiff's dispute and all relevant information from Equifax within five days of receiving Plaintiff's dispute letter. *See* 15 U.S. Code §1681i(a)(2).

### Equifax's Post-Dispute Reporting

24. On April 16, 2021, Equifax received Plaintiff's dispute.

25. On April 23, 2021, Plaintiff received notice that Equifax had completed its investigation.

26. Unfortunately, Plaintiff never received any correspondence regarding the results of Equifax's investigation. However, the duplicate reporting of the subject account remained on Plaintiff's Equifax credit file with no changes.

27. Plaintiff then placed a phone call to Equifax and spoke with Equifax's representative, Jennifer.

28. Jennifer stated that the subject account was reporting correctly, with each reporting a charge off, and that both trade-lines were still listed on Plaintiff's Equifax credit report.

29. Equifax's response erroneously stated that Plaintiff had two separate trade-lines when, in fact, Plaintiff only had one trade-line for the subject account.

30. Equifax's response to Plaintiff's dispute contained internal inconsistencies and the duplicate reporting of the subject account remained inaccurate and materially misleading.

### Defendants' Current Credit Reporting

31. Until this day, the vast majority of the disputed information remains on Plaintiff's Equifax credit report.

32. Specifically, Equifax is still reporting the subject account under two duplicate trade-lines, with both trade-lines reporting as charged off. Moreover, both of the Crescent trade-lines bore nearly identical account numbers, reported the same open date of March 19, 2014, with both trade-

lines reporting an "original amount" of $14,561. Interestingly, neither trade-line lists the subject account as disputed, even though Plaintiff disputed the subject account with both Crescent and Equifax.

## DAMAGES

33. Plaintiff has always maintained good credit and the inaccurate information contained in her credit files has significantly damaged Plaintiff.

34. Defendants' reckless indifference relating to the inaccurate reporting of the subject account has frustrated Plaintiff's ability to control her credit score and her ability to benefit from the great credit history she has built over the years.

35. The inaccurate and materially misleading reporting of subject account had significant adverse effects on Plaintiff's credit rating and her ability to obtain credit because it created a false impression that Plaintiff and Crescent entered into two separate accounts despite only entering into one. Moreover, the duplicate reporting of the subject account was reporting as charged off on each of the duplicate trade lines, rendering Plaintiff a high-risk consumer and damaging her creditworthiness.

36. On August 2, 2021, in order to remedy the continued inaccurate and materially misleading, reporting of the duplicate subject account and to validate the accuracy of Defendants' credit reporting, Plaintiff purchased an Experian 3-Bureau Credit Report, incurring out of pocket cost in the amount of $39.99.

37. As a result of Defendants' conduct, Plaintiff has suffered various types of damages as set forth herein, including specifically, humiliation, out-of-pocket expenses, out-of-pocket expenses associated with sending disputes, the loss of credit opportunity, countless time expended

submitting disputes, time expended monitoring her credit files, mental anguish, and emotional distress.

38. Due to Defendants' refusal to correct the reporting of the subject account, Plaintiff was forced to retain counsel and file this case, thus incurring attorney's fees and costs.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(Against Crescent Bank and Trust)

39. Plaintiff restates and realleges all paragraphs as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

41. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

42. Crescent is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

43. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

44. Crescent violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax and Plaintiff.

45. Crescent violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, namely the information regarding the subject account reporting as two separate trade-lines.

46. Had Crescent reviewed the information provided by Equifax and Plaintiff, it would have discovered that the subject account was erroneously reporting as two separate trade-lines. Instead, Crescent wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

6

47. Crescent violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation of Plaintiff's dispute with Equifax.

48. Crescent violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation to Crescent after being put on notice and discovering inaccurate, incomplete, and misleading information with respect to the Crescent account.

49. Crescent violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing on Plaintiff's Equifax credit report.

50. Crescent failed to conduct a reasonable investigation of its reporting of the Crescent account or delete the inaccurate information from Plaintiff's Equifax credit report within 30 days of receiving notice of Plaintiff's disputes from Equifax under 15 U.S.C. §1681i(a)(1).

51. Crescent violated 15 U.S.C. §1681s-2(a)(3) by failing to report the subject account as disputed by Plaintiff to Equifax.

52. Despite the blatantly obvious errors in Plaintiff's Equifax credit report, and Plaintiff's efforts to correct the error, Crescent did not correct the error or the subject account to report accurately. Instead, Crescent wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

53. A reasonable investigation by Crescent would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains on Plaintiff's Equifax credit report.

54. Had Crescent taken adequate steps to investigate Plaintiff's valid disputes or Equifax's request for investigation, it would have permanently corrected the erroneous and materially misleading information regarding the Crescent account.

55. Plaintiff provided all relevant information to support her valid dispute in her request for investigation, yet Sunrise ignored the supporting evidence and continued to report the inaccurate and materially misleading information regarding the Crescent account.

56. By deviating from the standards established by the credit industry and the FCRA, Crescent acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE,** Plaintiff CNYTHIA M. LOPEZ respectfully prays this Honorable Court for the following relief:

a. Finding that the practices complained of herein are unlawful and violate the FCRA;
b. Ordering Crescent to delete all of the inaccurate information from Plaintiff's Equifax credit report;
c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n;
e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n;
f. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
g. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(Against Equifax)

57. Plaintiff restates and realleges all paragraphs as fully set forth herein.

58. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

59. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

60. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

61. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

62. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

63. The FCRA requires credit reporting agencies to implement procedures and systems to promote accurate credit reporting.

64. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

65. Plaintiff provided Equifax with all relevant information and documentation in her dispute to support her contention that that the duplicate subject account was reporting inaccurately and was materially misleading.

66. A cursory review of the relevant documents submitted by Plaintiff would have confirmed that Defendant was erroneously double-reporting the subject account.

67. Equifax failed to conduct any meaningful investigation into Plaintiff's dispute. Instead, it continued to blindly report the false information provided to it by Crescent.

68. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it

furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

69. Equifax failed to follow reasonable procedures to assure maximum possible accuracy by double-reporting the subject account with different information despite the fact that the trade-lines had the same account number and were opened on the same day.

70. Equifax should have implemented procedures and safeguards to avoid the duplicate reporting of the same account.

71. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the disputed information in Plaintiff's credit file.

72. Had Equifax taken any steps to investigate Plaintiff's valid dispute, it would have determined that the subject account was erroneously reporting twice.

73. Upon information and belief, Equifax took no steps to determine whether the information Crescent was reporting was accurate and reliable. Instead, Equifax blindly reported any information that Crescent was reporting with no regard to its accuracy.

74. At very minimum, Equifax should have requested that Crescent provide proof that its reporting was accurate. Instead, Equifax continued to recklessly report false and unreliable information regarding the subject account.

75. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to Crescent. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Crescent regarding Plaintiff's dispute that Equifax received from Plaintiff.

76. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

77. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

78. Equifax violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject account. Equifax is required to notate each account that a consumer disputes as "disputed" in each consumer report that includes the disputed information.

79. Equifax knew that the inaccurate reporting of the subject account as delinquent would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

80. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Equifax readily furnished Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

81. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

82. It is Equifax's regular business practice to repeatedly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

83. Equifax's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting Plaintiff's credit information accurately and completely.

84. Plaintiff has been harmed as a result of the false information reporting on her credit files. Equifax did not correct the errors or trade lines to report accurately. Instead, Equifax wrongfully

furnished and re-reported the inaccurate and materially misleading information after Plaintiff's dispute to one or more third parties.

85. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

86. As stated above, Plaintiff was significantly harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff CNYTHIA M. LOPEZ respectfully prays this Honorable Court for the following relief:

a. Finding that the practices complained of herein are unlawful and violate the FCRA;
b. Ordering Equifax to delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n;
e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n;
f. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
g. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 5, 2021                         Respectfully Submitted,

/s/ *Marwan R. Daher*

Marwan R. Daher Esq.
Atlas Consumer Law
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Phone: (630) 537-1770
Fax: (630) 575-8188
*Counsel for Plaintiff*